UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-10347 |
| | ) | |
| ARM-FOOD INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## MEMORANDUM OF OPINION

This case is currently before the Court on the debtor's motion (Docket #59) for a stay of the Court's May 24, 2006, order converting this case to Chapter 7. For the reasons that follow, the debtor's motion is denied.

## BACKGROUND

On February 12, 2006, the debtor filed a petition under Chapter 11 of the Bankruptcy Code. On March 1, 2006, the United States Trustee filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b). On May 15, 2006, the Court held an evidentiary hearing on the motion to dismiss or convert. On May 23, 2006, the Court made oral findings of fact and conclusions of law on the record, and on May 24, 2006, issued an order (Docket #55) converting the case to Chapter 7. In the same order, the Court denied the debtor's motion for reconsideration and indicated that "the automatic stay of 11 U.S.C. § 362(a) remains in full effect." Also on May 24, 2006, the debtor moved to stay the Court's order converting the case to Chapter 7. On May 25, 2006, the United

States Trustee filed a brief (Docket #61) opposing the debtor's motion. Although the debtor cites to Bankruptcy Rules 8005 and 7062, Bankruptcy Rule 7062 does not generally apply to contested matters. *See* Fed. R. Bankr. P. 9014(c).

## DISCUSSION

*Standard for Determining Whether to Issue a Stay Pending Appeal*

Under Bankruptcy Rule 8005, the factors to be considered by a court in determining whether a stay or injunction pending appeal should issue are: (1) whether the applicant has demonstrated a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) whether the public interest would be served by issuing the stay. *See Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."); *In re Dow Corning Corp.*, 255 B.R. 445, 542 (E.D. Mich. 2000); *In re Best Reception Sys., Inc.*, 219 B.R. 988, 992-94 (Bankr. E.D. Tenn. 1998) (applying Rule 8005 and *Griepentrog* standard); *In re Abbo*, 191 B.R. 680, 682 (Bankr. N.D. Ohio 1996) (Krasniewski, J.) (same).

2

*Application of Standard to Debtor's Motion*

In weighing these factors against the circumstances of this case, the Court first concludes that the debtor's appeal has little likelihood of success on the merits. In order to succeed on appeal, the debtor would have to establish that this Court abused its discretion in converting this case to Chapter 7 under 11 U.S.C. § 1112(b). *See In re AMC Mortgage Co.*, 213 F.3d 917, 920 (6th Cir. 2000). Under 11 U.S.C. § 1112, as amended by The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, if the movant establishes cause and absent "unusual circumstances," the court shall convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, "whichever is in the best interests of creditors and the estate." Once cause is established, a court is required to consider whether to dismiss or convert. *See In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994). "Once cause has been shown, [t]he standard for choosing conversion or dismissal based on 'the best interest of creditors and the estate' implies a balancing test to be applied through case-by-case analysis. In the end, the determination is a matter for sound judicial discretion." *In re BTS, Inc.*, 247 B.R. 301, 309 (Bankr. N.D. Okla. 2000) (citations omitted); *see also In re Continental Holdings, Inc.*, 170 B.R. 919 (Bankr. N.D. Ohio 1994) (finding dismissal would not be in the best interest of

3

creditors and the estate and granting United States Trustee's motion to convert).

In the present case, the Court previously articulated a number of reasons for – (1) why cause exists under 11 U.S.C. § 1112 for dismissal or conversion, and (2) why conversion rather than dismissal is in the best interests of creditors and the estate. The Court incorporates by reference its previous findings on these two points and finds that the debtor is unlikely to succeed on the merits should it seek appellate review of the Court's May 24, 2006, order converting this case for cause under 11 U.S.C. § 1112. As for the remaining factors, the Court acknowledges that conversion will likely result in the liquidation or sale of the debtor's assets; however, given the debtor's failure to pay its postpetition rent, any stay of the conversion order would simply forestall the inevitable liquidation or sale of the debtor's business. Moreover, the resulting harm to creditors from continued losses and the potential for a less-orderly liquidation and distribution both weigh against a stay of the order converting this case. For these reasons, the Court also believes that the public interest would not be served by granting a stay pending appeal. Therefore, the relevant factors do not support the granting of a stay pending appeal under Bankruptcy Rule 8005.

## CONCLUSION

For the foregoing reasons, the debtor's motion (Docket #59) for a stay of the Court's May 24, 2006, order converting this case to Chapter 7 is denied.

IT IS SO ORDERED.

*[signature]*

Arthur I. Harris
United States Bankruptcy Judge